Filed 10/28/13  P. v. Gutierrez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE LUIS GUTIERREZ,<br><br>    Defendant and Appellant. | B248069<br><br>(Los Angeles County<br>Super. Ct. No. TA125864) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Eleanor J. Hunter, Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Jose Luis Gutierrez appeals from his convictions of corporal punishment of a spouse and criminal threats following his plea of no contest. Following our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), we affirm both convictions.

## FACTUAL AND PROCEDURAL HISTORY

We take the facts from the Reporter's Transcript of the preliminary hearing, at which victim Blanco Gutierrez and Deputy Sheriff John Hunziker testified. Hunziker testified that at about 4:00 p.m. on November 20, 2012, he and his partner, Deputy Garcia, responded to the home defendant shared with his wife, victim Blanco Gutierrez. When the officers arrived, Gutierrez, her brother Jose Esparza and defendant were all present. Gutierrez was crying and shaking. Defendant was yelling at Gutierrez and Esparza and was uncooperative with the officers. Gutierrez told the officers that at about 1:00 p.m. that day, she was ironing with an industrial iron while arguing with defendant; accusing Gutierrez of infidelity, defendant pressed her hand in the hot iron and then tried to suffocate her. After Gutierrez yelled for help, defendant left, but not before threatening to kill Gutierrez and cut her into pieces if she called the police. Gutierrez left the home to pick up her children. Afraid to call the police, Gutierrez called her brother to pick up her and the children. Esparza told the officers that one of the children told him what happened after Gutierrez would not. Defendant returned as Esparza and Gutierrez were packing Gutierrez's things. Defendant told Gutierrez that she could not leave and threatened to make Esparza "disappear." Gutierrez told the officers about two prior incidents of domestic violence committed against her by defendant.

Gutierrez testified that she burned her hand by accident and none of the incidents of domestic violence Gutierrez related to the police ever occurred. She lied to the police because her brother threatened to take away her children if she did not leave defendant.

Defendant was charged by information with corporal injury to a spouse (Pen. Code, § 273.5, subd. (a)) (count 1); misdemeanor battery (Pen. Code, § 243, subd. (e)(1) (counts 2 and 3); criminal threats (Pen. Code, § 422, subd. (a)) (counts 4 and 6); and

2

dissuading a witness (Pen. Code, § 136.1, subd. (a)(1)) (count 5). As to count 1, an enhancement for personal infliction of great bodily injury (Pen. Code, § 12022.7, subd. (e)) was alleged. Also alleged was an enhancement for a prior serious felony conviction (Pen. Code, § 667, subd. (a)(1)) and one Three Strikes prior conviction (Pen. Code, §§ 1170.12, subds. (a)-(d) and 667, subds. (b)-(i)).

Prior to the preliminary hearing, prosecutor offered defendant a six year plea bargain. She explained that defendant's maximum sentence exposure was 20 years, but she intended to introduce evidence to support three additional felony charges, which would increase his maximum sentence exposure to 22 years, 8 months. Defendant refused the bargain. At the arraignment hearing on February 8, 2013, the prosecutor offered defendant an 8 year plea bargain. He explained that defendant had a maximum sentence exposure of 22 years, 8 months and that the offer would increase in time at each future court proceeding After being advised of and waiving his rights, defendant accepted the 8 year bargain, pleading no contest to corporal injury to a spouse or cohabitant (count 1) and criminal threats (count 4), and admitting the great bodily injury enhancement. Defendant was sentenced to a total of 8 years in prison, comprised of the upper term of 4 years for corporal injury, plus 4 years for the great bodily injury enhancement on count 1, plus a concurrent 2 year mid-term on count 4. The remaining counts were dismissed.

Defendant timely appealed. In his request for a Certificate of Probable Cause, defendant claimed he received ineffective assistance of counsel as a result of his appointed attorney's failure to "act as instructed . . . ." The trial court granted the request.

We appointed separate counsel to represent defendant on appeal. After examination of the record, appointed counsel filed a separate opening brief which contained an acknowledgment that she had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436. We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.

Defendant filed a letter brief on June 25, 2013, the gist of which was that his privately retained trial attorney provided ineffective assistance of counsel. Defendant explained that he gave the attorney a $7,500 retainer on October 26, 2012, but the attorney was not prepared for a bail hearing on December 14, 2012; defendant's bail was increased following that hearing. Defendant turned down the six year bargain offered prior to the preliminary hearing at the recommendation of his attorney. The attorney told defendant's wife that he would get defendant a better deal if she would pay him an additional $10,000. Defendant's wife agreed to pay the additional money. The next day, the attorney told defendant to accept the eight year plea bargain. The attorney told defendant's wife to encourage defendant to take the deal because if he did not, he could be sentenced to 50 years in prison. Defendant accepted the bargain.[1] We forwarded defendant's letter to the California Appellate Project/Los Angeles (CAP/LA). In a letter filed on September 16, 2013, CAP/LA's Executive Director stated that he had looked into defendant's complaints and concluded that appointed counsel "has acted professionally and ethically within the scope of her appellate appointment . . . ."

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.                                                    FLIER, J.

---

[1] Defendant complains that his retained attorney never told him his maximum sentence exposure, but the record is clear that the prosecutor did so before the preliminary hearing and again at the arraignment.